# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| PHILLIP A. CABLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-CV-425 JVB |
| | ) | |
| MISHAWAKA POLICE OFFICERS | ) | |
| CPL. CRAIG NOWACKI and | ) | |
| SGT. STEVE TREBER, | ) | |
| in their individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On September 12, 2008, Plaintiff Phillip Cable sued Mishawaka Police Officers Cpl. Craig Nowacki and Sgt. Steve Treber, in their official and individual capacities, for damages arising out his arrest. He believes that the officers conspired to interfere with his civil rights—to falsely arrest and imprison, and maliciously prosecute him—in violation of 42 U.S.C. §§ 1985 and 1986. He also believes the detention and prosecution violated his rights secured by the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution. Finally, the Plaintiff maintains that he is entitled to damages under Indiana law for intentional infliction of emotional distress and false arrest and imprisonment, and malicious prosecution.

On November 7, 2008, the Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims except the § 1983 claim for false arrest. The Plaintiff, who is represented by counsel, has filed no response to the motion.

A.  **Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss a complaint, a court must accept as true all the well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)*,* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007). The factual allegations of the pleading must be enough to raise a right to relief above the speculative level; the pleading must contain enough facts to state a claim to relief that is plausible on its face. *Id*. The Court of Appeals for the Seventh Circuit, interpreted *Bell Atlantic* "to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT &T Mobility LLC***,** 499 F.3d 663, 667 (7th Cir 2007).

## B. Facts Alleged in the Complaint

The facts in the Complaint are somewhat disjointed, but the Court is able to discern the following:

On September 15, 2006, Officer Nowacki was inside a building at 535 W. Edison, Mishawaka, Indiana, when he saw a man with whom he had dealt in the past and whom he identified as Phillip Cable. Nowacki radioed to inquire if there were any outstanding warrants on Phillip Cable, and he was told there were none.

Sometime later on the same day, Officer Treber pulled over a man driving a minivan, whom he identified as Phillip Cable. It's not clear what happened then, but at some point later, Nowacki told Treber that Phillip Cable had a suspended driver's license. The officers confirmed that fact and went to the Plaintiff's residence to see if they could find the same van that Treber had pulled over earlier. The van was not there, so the officers submitted a police report to the Prosecutor's Office, which was then used to get an arrest warrant for the Plaintiff. At some point, the Plaintiff was arrested, detained, and charged with driving a car on September 15, 2006, while being a habitual traffic violator. In the end, the Plaintiff submitted evidence to the prosecutor that on September 15, 2006, he was at work all day and could not have been found driving anywhere.

## C. Count I

The Plaintiff claims that Officers Nowacki and Treber conspired to interfere with his civil rights in violation of 42 U.S.C. §§ 1985 and 1986. The Defendants ask that this Count be dismissed because the Plaintiff has failed to plead a race- or class-based animus.

The Court agrees with the Defendants that Count I must be dismissed. Title 42 U.S.C. §

1985 allows recovery against persons who conspire against others to deprive them of equal protection of the laws. In turn, a recovery under § 1986 is possible only if a violation under § 1985 is found. Since the Plaintiff's Complaint does not allege any facts from which a conspiracy to deprive the Plaintiff of equal protection of the laws could be inferred, Count I must be dismissed. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) ("[Section 1985] language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.").

**D. Count II**

In Count II, the Plaintiff alleges that the officers violated his rights secured by the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution by falsely arresting and imprisoning, and maliciously prosecuting him. The Defendants ask the Court to dismiss the claims for false imprisonment and malicious prosecution.

The Court agrees with the Defendants that these claims must be dismissed. Because Indiana recognizes a common law tort of malicious prosecution, the Plaintiff may not maintain a federal action for the same wrong. *See Bishop v. City of Indianapolis*, 2008 WL 820188, 13 (S. D. Ind. March 24, 2008); *Cf. Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). Further, under federal law, the Plaintiff may not sue for false imprisonment in addition to false arrest, as both claims overlap and really are but one tort. False imprisonment is a claim of continuing seizure, which the Seventh Circuit does not recognize. *See Wilkins v. May*, 872 F.2d 190, 194 (7th Cir. 1989) *(*"We reject the concept of continuing seizure."). Accordingly, in Count II, the

4

Plaintiff may proceed only with his Fourth Amendment claim of unreasonable seizure.[1]

**E. Counts III and IV**

In Counts III and IV, the Plaintiff alleges state law torts of false arrest and imprisonment, malicious prosecution, and intentional infliction of emotional distress. To maintain these claims against the officers in their official capacities, the Plaintiff should have given notice to the City of Mishawaka as required by the Indiana Torts Claims Act: "a claim against the state is barred unless notice is filed with the attorney general or the state agency involved within two hundred seventy (270) days after the loss occurs." Ind. Code § 34-13-3-6. The Complaint does not indicate that any such notice was given. Accordingly, Counts III and IV must be dismissed against the Defendants in their official capacities.

However, the Plaintiff may continue with Counts III and IV against the officers, except that the Plaintiff may not seek recovery for malicious prosecution and intentional infliction of emotional distress if the officers were "acting within the scope of [their] employment" and the Plaintiff's loss resulted from "[t]he . . . enforcement of . . . a law." Ind. Code § 34-13-3-3(8) (false arrest and false imprisonment are exempted). But whether this was the case must be decided later, not in a ruling on a motion to dismiss.

**F. Conclusion**

For these reasons, the Court grants in part and denies in part the Defendants' motion for partial dismissal. The Court dismisses Count I as to all defendants; Counts III and IV as to

---

[1] Since the Defendants did not ask the Court to dismiss the claims under the Fifth, Eight, and Fourteenth Amendments, this ruling is limited only to the Plaintiff's Fourth Amendment claims.

Defendants Nowacki and Treber in their official capacities; and the malicious prosecution and false imprisonment claims of Count II as to all Defendants. The Plaintiff has conceded that much by failing to respond to the Defendants' motion.

SO ORDERED on February 23, 2009.

                                                                       s/ Joseph S. Van Bokkelen
                                                                       JOSEPH S. VAN BOKKELEN
                                                                       UNITED STATES DISTRICT JUDGE